Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 899 | DATE | 6/13/2001 |
| CASE TITLE | TOM CACCAMO, et al vs. GREENMARINE HOLDINGS | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Defendants' motion to dismiss is denied. Defendants' motion to stay is granted. The parties are instructed to submit the Georgia court's ruling on the presently pending motion to dismiss to this Court as soon as it is issued. Status hearing is held and continued to August 15, 2001 at 9:30 a.m.

(11) ☒ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | JUN 14 2001 date docketed | |
| | Notified counsel by telephone. | | | 30 |
| ✓ | Docketing to mail notices. | | CM docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 01 JUN 13 PM 5:58 | date mailed notice | |
| LG | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

DOCKETED
JUN 1 4 2001

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TOM CACCAMO, JOHN FLESHER, RICHARD )
KOLB, and CY WERDA on behalf of themselves )
and all other similarly situated, )
)
    Plaintiffs, )  No. 01 C 0899
)
v. )  Judge John W. Darrah
)
GREENMARINE HOLDINGS LLC, et al., )
)
    Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiffs, former employees of Outboard Marine Corporation (OMC), filed a class action suit against defendants, alleging defendants violated the Worker Adjustment and Retraining Notification Act (WARN), 29 U.S.C. §§ 2101-2109. Before the Court is defendants' Motion to Dismiss or, In the Alternative, to Stay the Proceedings.

Plaintiffs allege that, in 1997, Greenmarine acquired and assumed control of OMC. In December 2000, plaintiffs' employment with OMC was terminated without warning. In total, approximately 6,500 employees lost their jobs with OMC during this period. That same month, OMC filed for bankruptcy in the United States Bankruptcy Court for the Northern District of Illinois.

On February 1, 2001, a class action suit alleging a violation of WARN was filed in the Northern District of Georgia on behalf of all the OMC employees who were terminated without cause in December 2000 (Georgia action). On February 8, 2001, plaintiffs in the present suit filed this action in the Northern District of Illinois on behalf of all former OMC employees terminated without prior notice in December 2000.



In April 2001, the defendants in the Geogia action filed a motion to dismiss that complaint, arguing the Georgia court did not have jurisdiction over the defendants. On April 12, 2001, the present motion was filed in this district. On May 1, 2001, the plaintiffs in the Georgia action filed a motion for class certification. The Georgia plaintiffs' response to the motion to dismiss was due May 11, 2001.

Defendants argue that this suit should be dismissed to conserve judicial resources since the Georgia action was filed first. Plaintiffs do not dispute that the Georgia action and this case are mirror-image suits. Plaintiffs argue that the case should not be dismissed because of the likelihood that the Georgia action will be dismissed for lack of jurisdiction.

A federal court has a great deal of latitude and discretion to dismiss a suit for reasons of wise judicial administration. *Tripple Mfg. Co. v. American Power Conversion Corp.*, 46 F.3d 624, 629 (7th Cir. 1995). Generally, when mirror-image suits are filed in two federal districts, the first case takes priority. However, the Seventh Circuit does not espouse a rigid "first-to-file" rule. *Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.*, 819 F.2d 746, 750 (7th Cir. 1987). Instead, there is a rebuttable presumption that the first case that establishes jurisdiction should be allowed to proceed, and the second case be dismissed. *Asset Allocation & Management Co. v. Wesern Employers Ins. Co.*, 892 F.2d 566, 573 (7th Cir. 1989) (*Asset*); *Northwest Airlines, Inc. v. American Airlines, Inc.*, 989 F.2d 1002, 1004 (8th Cir. 1993). The plaintiff bears the burden of showing compelling circumstances or an imbalance of convenience to overcome the presumption that the first-filed suit should proceed. Such circumstances can be shown if it can be demonstrated that jurisdiction is unobtainable. *See Asset*, 892 F.2d at 573; *Colborne v. MC Retail Foods*, 1995 WL 470226 (N.D.Ill. Aug. 7, 1995) (*Colborne*).

Without the Georgia court's ruling on the motion to dismiss, this Court is unable to determine if the first-to-file rule should be followed or if the plaintiffs have presented a compelling circumstance to allow this action to proceed. Accordingly, defendants' Motion to Dismiss is denied as premature. *Colborne*, 1995 WL 470226 at * 1 (denying motion to dismiss because the jurisdiction of the court of the first-filed suit was in question).

In the alternative, defendants seek to stay the present case pending the disposition of the Georgia action. The court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citation omitted).

The reasonable course in the present case is to stay the action until the Georgia court decides the jurisdiction question before it. If the Georgia court grants the motion and dismisses that case, then this Court will then consider proceeding with this action. If the Georgia court denies the motion to dismiss, then this Court can consider whether the present case should be dismissed. *See Colborne*, 1995 WL 470226 at * 1 (finding that staying the second filed suit appropriate when a motion to dismiss for lack of jurisdiction was pending in the first-filed action).

For the reasons stated above, defendants' Motion to Dismiss is denied, and defendants' Motion to Stay is granted. The parties are instructed to submit the Georgia court's ruling on the presently pending motion to dismiss to this Court as soon as it is issued.

Dated:

JOHN W. DARRAH
United States District Judge